# No. 21-2921

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

ESTATE OF KWANG LEE, DECEASED,
ANTHONY J. FRESE, EXECUTOR,

*PETITIONERS-APPELLANTS*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*RESPONDENT-APPELLEE.*

On Appeal From
the United States Tax Court
(Tax Court Docket No. 20531-18L)
Honorable Travis A. Greaves, United States Tax Court Judge

## OPENING BRIEF FOR PETITIONERS-APPELLANTS

<div style="text-align:right">

Agostino & Associates, P.C.
Counsel for Appellants
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400

</div>

Of Counsel:
Frank Agostino
Andrew D. Lendrum

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................iii

JURISDICTION STATEMENT .......................................................1

ISSUES PRESENTED FOR REVIEW ...............................................2

RELATED CASES AND PROCEEDINGS......................................3

STATEMENT OF THE CASE...........................................................4

    Relevant Facts........................................................................5

    Procedural History Before the Tax Court.............................9

    Rulings Presented for Review..............................................10

SUMMARY OF ARGUMENT .......................................................11

ARGUMENT ................................................................................13

    **Standard of Review** ...........................................................13
  I.  **Point I: The Commissioner and Tax Court erred in concluding that the Executor distributed probate assets that could trigger liability under 31 U.S.C. § 3713 or § 6243(a)(2)** .........................13
  II.  **Point II: The Executor relied on the advice of a professional to make the distributions at issue**.....................................21
  III.**Point III: Whether the Commissioner erred in including the assets in the calculation of the Estate's RCP under Rev. Proc. 2003-71 when the transfer was made more than three years before the OIC and there was no finding that the Commissioner could actually collect from the third parties**...............................24

CONCLUSION ...........................................................................26

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(g) and 3d
    Cir. R. 31.1(c) ......................................................................28

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(g) and 3d
Cir. R. 28.3(d) ........................................................................ 29

CERTIFICATE OF SERVICE ..................................................... 30

## TABLE OF AUTHORITIES

Federal Cases:

*Alli v Comm'r*, T.C. Memo. 2014-15 ............................................................... 22

*Anderson v. Comm'r*, 698 F.3d 160 (3d Cir. 2012) ...................................... 21

*Antioco v. Comm'r*, T.C. Memo. 2013-35 ..................................................... 25

*Arizona v. California*, 460 U.S. 605 (1983) .................................................. 21

*Budish v. Comm'r*, T.C. Memo. 2014-239 .................................................... 26

*Ctr. for Food Safety v. Salazar*, 898 F. Supp. 2d 130 (D.D. C. 2012) ......... 14

*Crimi v. Comm'r*, T.C. Memo. 2013-51 ........................................................ 22

*Duquesne Light Holdings, Inc. v. Comm'r*, 861 F.3d 396 (3rd Cir. 2017) ... 13

*Estate of Kwang Lee v. Comm'r*, T.C. Memo. 2007-371
("*Kwang Lee I*") ........................................................................................... 3, 6

*Estate of Kwang Lee v. Comm'r*, T.C. Memo. 2009-84
("*Kwang Lee II*") .............................................................. 3, 7, 16-17, 21

*Estate of Kwang Lee v. Comm'r*, T.C. Memo. 2009-303
("*Kwang Lee III*") ........................................................................................ 3, 7

*Estate of Kwang Lee v. Comm'r*, Docket No. 10-2606 (3d Cir. 2010) ....... 3, 7

*Estate of Kwang Lee v. Comm'r*, T.C. Memo 2021-92,
("*Kwang Lee IV*") ................................................................... 9 n.4, 21

*Estate of Kyoung Lee v. United States*, Docket No. 12-01462
(D.N.J. 2012) ............................................................................................... 3, 7

*Estate of Thompson v. Comm'r*, 382 F.3d 367 (3rd Cir. 2004) ...................... 2

*Freytag v. Commissioner,* 89 T.C. 849, 888 (1987), *aff'd,* 904 F.2d 1011

(5th Cir. 1990), *aff'd,* 501 U.S. 868 (1991) ..................................................... 22

*Goza v. Comm'r*, 114 T.C. 176 (2000) ........................................................... 25

*Hoyle v. Comm'r*, 131 T.C. 197 (2008) .....................................................19-20

*Irving Trust Co. v. Commissioner,* 36 B.T.A. 146 (1937) ............................. 23

*Klamath Strategic Investment Fund ex rel. St. Croix Ventures v.*
*United States,* 568 F.3d 537, 548 (5th Cir. 2009) .....................................23-24

*Leigh v. Comm'r*, 72 T.C. 1105 (1979) ............................................................ 23

*Livingston v. Becker*, 40 F .2d 673 (E.D. Mo. 1929) ..................................... 23

*Murphy v. Comm'r*, 125 T.C. 301, 308 (2005) ............................................... 13

*Naftel v. Comm'r*, 85 T.C. 527 (1985) ............................................................ 13

*Neonatology Assocs., P.A. v. Comm'r*, 115 T.C. 43 (2000),
*aff'd*, 299 F.3d 221 (3d Cir. 2002) .................................................................. 22

*New v. Comm'r*, 48 T.C. 671 (1967) .....................................................15-16, 23

*Richards v. INS*, 554 F.2d 1173 (D.C. Cir. 1977) .......................................... 14

*SEC v. Chenery Corp.*, 318 U.S. 80 (1943) ("*Chenery I*") ........................... 20

*SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("*Chenery II*")....13, 20, 26

*Sundstrand Corp. v. Comm'r*, 98 T.C. 518 (1992), *aff'd*, 17 F.3d 965
(7th Cir. 1994) ................................................................................................ 13

*Swanson v. Comm'r*, 121 T.C. 111, 119 (2003) .............................................. 13

*Univ. Med. Ctr. of S. Nev. v. Shalala*, 173 F.3d 438 (D.C. Cir. 1999) ........ 14

*United States v. Coppola*, 85 F.3d 1015 (2d Cir. 1996) ................................. 15

*United States v. Crocker,* 313 F.2d 946 (9th Cir. 1963) ................................ 23

*Viles v. Comm'r*, 233 F.2d 376 (6th Cir. 1956), *affg.* T.C. Memo. 1955-142 ................................................................................ 15

*Wadleigh v. Comm'r*, 134 T.C. 280 (2010) .................................... 19

*Whistleblower 769-16W v. Comm'r*, 152 T.C. 172 (2019) ........................... 20

<u>Federal Statutes:</u>

26 U.S.C. § 6212(a) ............................................................ 3

26 U.S.C. § 6320(a)(1) ......................................................... 1

26 U.S.C. § 6324(a)(2) ...................................................*passim*

26 U.S.C. § 6330 ............................................................. 19

26 U.S.C. § 6330(c)(1) ....................................................... 19

26 U.S.C. § 6330(d)(1) ..................................................... 1, 13

26 U.S.C. § 6651 ........................................................... 3, 7

26 U.S.C. § 6652 ........................................................ 3, 7, 22

26 U.S.C. § 7483 ............................................................. 2

31 U.S.C. § 3713 .........................................................*passim*

31 U.S.C. § 3713(a)(1)(B) .................................................... 15

31 U.S.C. § 3713(b) ....................................................... 15, 20

<u>Federal Regulations:</u>

26 C.F.R. § 1.6664-4(b)(1) ................................................... 22

26 C.F.R. § 1.6664-4(c)(1) ................................................... 22

Other Authorities:

Internal Revenue Manual, pt. 5.8.5.18 (Sep. 24, 2021) ................................... 4

Internal Revenue Manual, pt. 5.8.5.18(1) (Sep. 24, 2021) ........................... 24

Internal Revenue Manual, pt. 5.8.5.18(2) (Sep. 24, 2021) ................... *passim*

Internal Revenue Manual, pt. 5.8.5.18(8) (Sep. 24, 2021) ........................... 24

Rev. Proc. 2003-71 ......................................................................................... 2

Rev. Proc. 2003-71 § 4.02(2) ............................................................ 17, 24, 26

Tax Ct. R. 121(a) ........................................................................................... 13

Tax Ct. R. 121(b) ........................................................................................... 13

## JURISDICTIONAL STATEMENT

Pursuant to § 6320(a)(1),[1] on April 16, 2013, the Commissioner sent the Estate a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320 ("NFTL"). (A96-A97).[2]

On May 16, 2013, the Estate filed a timely Internal Revenue Service ("IRS") Form 12153, *Request for a Collection Due Process or Equivalent Hearing* ("CDP Request"). (A99-A160).

On January 20, 2017, the Estate supplemented its CDP Request by submitting IRS Form 656, *Offer in Compromise*, ("OIC"). (A209-A215).

The Commissioner rejected the OIC and issued a Notice of Determination on September 20, 2018, sustaining the filing of the federal tax lien. (A33-A39).

Pursuant to § 6330(d)(1), on October 18, 2018, the Estate filed a timely petition with the United States Tax Court for review of the determination. (A26-A32).

On September 9, 2020, the Commissioner filed a motion for summary judgment. (A47-A70).

---

[1] All Section ("§") references are to the relevant version of the Internal Revenue Code.

[2] Citations to Appellant's Appendix are in the form "(A##)", with appropriate page numbers inserted.

On July 22, 2021, the Tax Court issued an order and decision granting the Commissioner's motion. (A3).

On October 15, 2021, the Estate filed a timely notice of appeal with the Tax Court. § 7483. (A1-A2). Venue is proper because the Executor was a resident of the State of New Jersey when the petition was filed. *Estate of Thompson v. Comm'r*, 382 F.3d 367, 376 n. 12 (3rd Cir. 2004).

## ISSUES PRESENTED FOR REVIEW

1.    Did the Commissioner and the Tax Court err in concluding that the Executor distributed probate assets triggering liability Executor liability under 31 U.S.C. § 3713 or § 6324(a)(2)? (A27-A28; A37; and A11-A12 raising and addressing the issue below).

2.    Did the Tax Court err in granting summary judgment in favor of the Commissioner on the issue of whether the Executor reasonably relied on professional advice in making those distributions? (A27-A28; A643; A653-A654; and A16 raising and addressing the issue below).

3.    Did the Commissioner and Tax Court erred in applying the statute of limitations under 31 U.S.C. § 3713 instead of the administrative statute of limitations under Rev. Proc. 2003-71 in connection with the determination as to what amounts the Commissioner could actually collect from the third parties? (A30-A31; A43-A47; and A19-A20 raising and addressing the issue below).

## RELATED CASES AND PROCEEDINGS

This Court has not previously heard this case. However, there have been related proceedings, although none were heard by this Court. Under § 6212(a), the Commissioner issued the Estate a Notice of Deficiency ("NOD") on April 26, 2006. The Estate timely filed a Tax Court petition in response to the NOD, which led to several Tax Court opinions. In *Estate of Kwang Lee v. Comm'r*, T.C. Memo. 2007-371 ("*Kwang Lee I*"), the Tax Court invalidated the clauses in the decedent and his wife's wills which modified the order of their deaths. In *Estate of Kwang Lee v. Comm'r*, T.C. Memo. 2009-84 ("*Kwang Lee II*"), the Tax Court held that the Estate was not responsible for the additions to the estate tax under §§ 6651 and 6662. Finally, in *Estate of Kwang Lee v. Comm'r*, T.C. Memo. 2009-303 ("*Kwang Lee III*"), the Tax Court denied the Estate's request to amend its petition to seek a credit for estate taxes paid by the wife's estate. The Estate filed a notice of appeal for that final opinion, which was later voluntarily dismissed. *See Estate of Kwang Lee v. Comm'r*, Docket No. 10-2606 (3d Cir. 2010) (A675).

The wife's estate filed a complaint against the United States of America for a refund of the estate tax in the United States District Court for the District of New Jersey, which was dismissed. *See Estate of Kyoung Lee v. United States*, Docket No. 12-01462 (D.N.J. 2012).

## STATEMENT OF THE CASE

The Estate appeals from the July 22, 2021 order of the United States Tax Court (Honorable Travis A. Greaves) granting the Commissioner's motion for summary judgment and sustaining the Commissioner's Notice of Determination rejecting the Estate's OIC. (A3).

The Estate's OIC consisted of its sole asset. In rejecting the Estate's OIC, the Commissioner determined that the Estate's reasonable collection potential ("RCP") was greater than the offer by including amounts potentially collectible from third parties. (A37-A38).

The Commissioner's rejection of the Estate's OIC was based on errors of law and fact, and as a result was arbitrary and capricious. The Commissioner rejected the OIC based on errors of fact and law that resulted in his determination that he could collect more money from third parties under 31 U.S.C. § 3713 or § 6324(a)(2) than offered by the Estate.

The Commissioner's errors were procedural and substantive. As to the law, the Commissioner failed to verify the law and/or facts governing what amounts he could collect from third parties under the Internal Revenue Manual ("I.R.M."), pt. 5.8.5.18 (Sep. 24, 2021), 31 U.S.C. § 3713, and IRC § 6324(a)(2).

As to the facts, the Commissioner also failed to investigate whether the Executor actually distributed probate assets to the beneficiaries that subjected him

4

to liability under 31 U.S.C. § 3713 and whether the Executor appropriately relied on professional advice in making those distributions, which would preclude liability under 31 U.S.C. § 3713.

Procedurally, the Commissioner failed to apply his own limitations on the dissipated assets that should be considered when evaluating an OIC. *See* I.R.M., pt. 5.8.5.18(2) (Sep. 24, 2021) (providing that the Commissioner generally only considers transfers made within three years of the OIC).

Finally, the Tax Court ignored the *Chenery* doctrine and applied the wrong standard of review and post hoc rationalizations to confirm the Commissioner's rejection of the Estate OIC on summary judgment.

Consequently, the Tax Court's order granting summary judgment should be reversed.

## **Relevant Facts**

The decedent's wife died testate on *August 15, 2001*, and the decedent died testate on *September 30, 2001*. (A288; A266). Their wills provided that if the spouses died within six months of each other, the wife would be treated as predeceasing the decedent, notwithstanding the actual order of their deaths. (A259-260; A281-A282; A159).

Upon the advice of counsel, the Executor, prepared the Estate and the wife's IRS Forms 706, *United States Estate (and Generation-Skipping Transfer) Tax*

*Return* (the "Returns"), as if the decedent had predeceased his wife and filed the Returns on or around May 21, 2003. (A289-A303). Preparing the Returns in this manner lowered the Estate's tax, but it also created an estate tax liability for the wife's estate, which would not have had a liability if the Returns were prepared based on the actual order of their deaths. (A120; A122). The Commissioner selected the Returns for audit and determined that the Returns should have been prepared based on the actual dates of the death, so the Estate had a deficiency and the wife's estate should have paid no estate tax. (A157-A160). Based on that determination, the wife's estate filed a claim for a refund. (A120; A122).

The parties could not agree as to the adjustments to the Estate's Return, and the IRS issued a NOD on April 26, 2006. (A132-A155). In the NOD, the IRS provided: "A claim for refund has been filed in the estate (i.e., [the wife]'s estate), pending the outcome of the appeal in this estate." (A150).

The Estate timely filed a Tax Court petition in response to the NOD. (A568). The litigation led to several Tax Court opinions. In response to a partial summary judgment motion, the Tax Court delivered a memorandum opinion invalidating the clauses in the wills which modified the order of the decedent and his wife's deaths. *Kwang Lee I*, T.C. Memo. 2007-371.[3]

---

[3] This decision not only affected the respective tax liabilities of the two estates, but it also affected the assets that should have been included in the respective estates. Under the terms of the decedent's will, if his wife predeceased him, his assets were

After a trial, the Tax Court held that the Estate was not responsible for the additions to the estate tax under §§ 6651 and 6662. *Kwang Lee II*, T.C. Memo. 2009-84. After the second opinion, the Estate filed an amended petition seeking a credit for the estate tax paid by the wife's estate. On December 23, 2009, the Tax Court issued a memorandum opinion denying the Estate the ability to file an amended petition. *Kwang Lee III*, T.C. Memo. 2009-303. On March 24, 2010, the Tax Court entered its final decision in the matter. On May 28, 2010, the Estate filed a notice of appeal, which was later voluntarily dismissed. *See Estate of Kwang Lee v. Comm'r*, Docket No. 10-2606 (3d Cir. 2010).

On May 21, 2009, the wife's estate perfected the initial refund claim and supplemented its Form 706. On June 24, 2009, the IRS issued a notice of refund denial. On March 8, 2012, the wife's estate filed a complaint against the United States of America in the United States District Court for the District of New Jersey, which was dismissed. *See Estate of Kyoung Lee v. United States*, Docket No. 12-01462 (D.N.J. 2012).

On April 16, 2013, the Commissioner sent a NFTL to the Estate, and the Estate filed a timely CDP Request. (A96-A97; A99-A160). The CDP Request was held in suspense pending the outcome of the wife's estate's case in the District of

---

to be held in trust for his children. Kwang Lee Will, Art. Fourth (A248-A250). Furthermore, one of the major assets of his estate, the stock options from his former employer, had the wife as the designated beneficiary. (A333).

New Jersey. (A79-A80). The CDP Request was removed from suspense in 2016, and the Estate submitted an OIC in January 2017, which offered the Estate's only asset, a checking account with approximately $183,000.00. (A209-A215).

To evaluate the OIC, the Commissioner calculated the Estate's RCP and determined that the RCP should not be limited to the Estate's assets. (A37-A38). Instead, the Commissioner improperly concluded that the RCP should include amounts potentially collectible from the Executor under 31 U.S.C. § 3731 and from the beneficiaries under § 6324(a)(2). *Id.* The Commissioner also rejected the Estate's argument that the administrative statute of limitations to include assets received by the beneficiaries in 2007 had expired and that no other period of limitations to collect those amounts remained opened. *Id.*

The Commissioner rejected the Estate's arguments and the OIC then issued a determination sustaining the tax lien. (A33-A39). The Commissioner did not address whether he could actually collect from the third parties or whether it was appropriate to consider those amounts in evaluating the OIC. (A37-A38). Instead, he simply concluded that *"the IRS could not only collect the $182,940.00 in your bank account but that they could also collect $1,045,000 as a result of improper distributions to beneficiaries.*" *Id.* (emphasis added). The Estate filed a timely petition with the Tax Court challenging the determination. (A26-A32).

In the Tax Court, the Commissioner filed a motion for summary judgment, arguing there were no disputed issues of material fact and that the determination was correct as a matter of law. (A47-A70). The Tax Court granted the Commissioner's motion, holding that it was appropriate to include the amounts collectible from third parties and that the statute of limitations had not lapsed with respect to the Executor.[4] (A3; A4-A20).

## **Procedural History Before the Tax Court**

On October 18, 2018, the Estate filed a timely petition with the United States Tax Court for review of the determination. (A26-A32).

On September 9, 2020, the Commissioner filed a motion for summary judgment, arguing that the Commissioner did not abuse his discretion in rejecting the OIC and that there were no genuine material issues of fact for trial. (A47-A70).

On November 18, 2020, the Estate filed its objection to the motion for summary judgment, arguing that the Commissioner abused his discretion in rejecting the OIC and the proper remedy was to order the Commissioner to accept the OIC or to remand to Appeals for a determination if there were any assets distributed by the

---

[4] The Tax Court did not discuss whether the statute had lapsed with respect to the beneficiaries as the amount potentially collectible from the Executor exceeded the Estate's total liability. *Estate of Kwang Lee v. Comm'r*, T.C. Memo 2021-92, Slip Op. at 16 ("*Kwang Lee IV*").

Executor and, if so, is it possible to collect from the Executor or the beneficiaries. (A610-A663).

On July 22, 2021, the Tax Court issued an order and decision grating the Commissioner's motion. (A3).

On October 15, 2021, the Estate filed a timely notice of appeal with the Tax Court. (A1-A2).

### Rulings Presented for Review

In its July 20, 2021 opinion, the Tax Court held that there were no issues of fact in dispute whether the Commissioner properly included amounts collectible from third parties in calculating the Estate's RCP, and that the determination to sustain the proposed collection action was proper as a matter of law. (A4-A20).

The Estate appeals the opinion in its entirety and asks this Court to determine that the Commissioner should not have included the amounts potentially collectible from third parties in the Estate's RCP and that the Commissioner's proposed collection action should not be sustained.

## SUMMARY OF ARGUMENT

The Commissioner rejected the Estate's OIC because he believed that he could collect the Estate's entire tax liability by recouping from the Executor and the beneficiaries. When the Estate petitioned the Tax Court for review of that determination, the Tax Court granted the Commissioner's motion for summary judgment, holding that there were not disputed issues of material fact regarding the appropriateness of the Commissioner's determination. That decision was in error for several reasons.

First, the Executor did not distribute probate assets that could trigger liability under 31 U.S.C. § 3713. Alternatively, the Estate contends that whether the assets received by the beneficiaries from the Estate are probate assets triggering 31 U.S.C. § 3713 are material facts that are genuinely in dispute.

Second, to the extent that the Executor did distribute assets subject to 31 U.S.C. § 3713, he did so in reasonable reliance on professional advice, precluding liability under 31 U.S.C. § 3713.

Third, the Commissioner did not evaluate whether he could actually collect from the third parties or whether pursuant to I.R.M., pt. 5.8.5.18(2) (Sep. 24, 2021), the distributions were too remote from the OIC to be included in the evaluation of RCP.

11

Finally, summary judgment was inappropriate because there are material disputes of fact regarding whether the Commissioner abused his discretion in rejecting the OIC. This Court should reverse the Tax Court's order granting summary judgment and remand trial or a remand to Appeals for additional fact finding to allow the Tax Court to evaluate the Commissioner's determination.

## ARGUMENT

### Standard of Review

This Court reviews Tax Court decisions granting summary judgment

*de novo*. *Duquesne Light Holdings, Inc. v. Comm'r*, 861 F.3d 396, 403 (3rd Cir.

2017).

**I. The Commissioner and Tax Court erred in concluding that the Executor distributed probate assets that could trigger liability under 31 U.S.C. § 3713 or § 6324(a)(2).**

Under § 6330(d)(1), when the underlying liability is not at issue, the Tax Court

reviews the notice of determination for an abuse of discretion. *Murphy v. Comm'r*,

125 T.C. 301, 308 (2005).   An error of law is inherently an abuse of discretion.

*Swanson v. Comm'r*, 121 T.C. 111, 119 (2003).

When conducting that review, the *Chenery* doctrine requires the Tax Court to

"judge the propriety of such action solely by the grounds invoked by the agency."

*SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("*Chenery II*").

In the Tax Court, either "party may move for summary judgment upon all or

any part of the issues in controversy." Tax Court Rule 121(a) and (b); *Naftel v.*

*Comm'r*, 85 T.C. 527, 528-29 (1985). Ordinarily, under Tax Court Rule 121(b), the

Tax Court may grant summary judgment when "there is no genuine issue as to any

material fact and a decision may be rendered as a matter of law." *Sundstrand Corp.*

*v. Comm'r*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

The Tax Court must deny a summary judgment motion where there is a genuine factual dispute that requires a trial. Alternatively, if the underlying determination is based on an error of law, then the determination is an abuse of discretion, which must be reversed.

In a case involving review of final agency action under the Administrative Procedures Act, "[s]ummary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record" and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Ctr. for Food Safety v. Salazar*, 898 F. Supp. 2d 130, 138 (D.D.C. 2012) (citing *Richards v. INS*, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977)); *see also Univ. Med. Ctr. of S. Nev. v. Shalala*, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999) ("[T]he question whether [an agency] acted in an arbitrary and capricious manner is a legal one which the district court [or, as here, the Tax Court] can resolve on the agency record-regardless of whether it is presented in the context of a motion for judgment on the pleadings or in a motion for summary judgment[.]").

The Tax Court erred in sustaining the Commissioner's motion for summary judgment because there are material facts in dispute. More important, the Commissioner's determination is based on an error of law that is inherently an abuse of discretion.

The Tax Court determined that there was no genuine dispute that the Executor distributed assets that rendered the Estate unable to satisfy respondent's deficiency claim. The record does not support the Tax Court's holding because the primary asset received by the beneficiaries after the NOD were the decedent's stock options. Those assets were non-probate assets and could not trigger liability under the federal priority statute, 31 U.S.C. § 3713 ("FPS"), or § 6324(a)(2).[5]

The FPS requires that a claim of the United States Government be paid first when a decedent's estate is insolvent. *See* 31 U.S.C. § 3713(a)(1)(B). Federal income taxes qualify as a claim of the United States Government for purposes of the FPS. Federal estate taxes also qualify as a claim of the United States. *See Viles v. Comm'r*, 233 F.2d 376, 380 (6th Cir. 1956), *affg.* T.C. Memo. 1955-142. When a personal representative of an estate distributes assets of the estate in derogation of the priority of debts owed to the United States, the personal representative may be personally liable for the unpaid claims of the United States to the extent of the distributions. *See* 31 U.S.C. § 3713(b); *United States v. Coppola*, 85 F.3d 1015, 1019-20 (2d Cir. 1996). Assets, such as the stock options here that are transferred by operation of law are not distributed by the fiduciary, so they should not be subject to the FPS. Moreover, for this liability to ripen, a fiduciary must have had actual or constructive

---

[5] When evaluating and OIC, the Commissioner generally does not consider dissipations that occur more than three years before the OIC. *See* I.R.M., pt. 5.8.5.18(2) (Sep. 24, 2021).

knowledge of the debt owed the United States. *See New v. Comm'r*, 48 T.C. 671, 676-77 (1967).

To that end, the Estate's request for a CDP hearing contended that there should not have been an assessment against the Estate due to the pending appeal and the wife's estate's ongoing refund litigation. (A104). That refund, along with the Estate's checking account, would have been sufficient to pay the alleged liability. After that litigation ended, the Estate submitted its OIC, which the Commissioner recommended rejecting it on the grounds that there were dissipated assets that could be pursued by the IRS. (A576-A577).

The Estate argued that there were no dissipated assets and that to the extent there were, the statute of limitations for the IRS to pursue those assets had lapsed. (A590-A595). The NOD does not address these arguments. It merely states Appeals agrees with Compliance "that the IRS could not only collect the $182,940.00 in your bank account but that they could also collect $1,045,000 as a result of improper distributions to beneficiaries." (A37-A38). And that the timeframes to pursue the transferees had not expired. *Id.*

The Tax Court's review did not address the question of whether there was an improper "distribution" of Estate assets and instead, reviewed whether the Executor had adequate knowledge of the IRS claim. That review also largely ignored the fact

that the question had already been decided in *Kwang Lee II*, relegating its analysis to a footnote without addressing the law-of-the-case doctrine. *See* Point II below.

The Tax Court's decision upholding the Commissioner's determination that liability arose under the FPS against the Executor for purported distributions made from the estate is not supported by the record. Furthermore, its determination that there was a ***distribution*** subject to the FPS is also in error.

First, the Commissioner neglected to read the decedent's last will and testament, and as a result, made incorrect conclusions about the purported distributions at issue. The decedent died testate and his estate comprised both probate and non-probate assets. The Commissioner concluded in its administrative determination that the value of the non-probate assets should be included in the computation of RCP for purposes of evaluating the Estate's OIC. *See* Rev. Proc. 2003-71 § 4.02(2) (defining RCP as "the amount the Service could collect through other means, including administrative and judicial collection remedies."). Decedent reported assets of $3,885,719.51 on his IRS Form 706. Of those assets, $1,254,000 were life insurance policies payable to the decedent's children. These policies are non-probate property and passed outside of the estate and not by the Executor. Decedent also reported $202,019.98 of annuities, also non-probate assets passing outside of the estate. Decedent also reported stock options from his former employer, Johnson & Johnson, that were payable to his spouse as a named beneficiary. These

would also pass as non-probate assets. The remainder of the decedent's assets passed

to trusts created pursuant to his last will and testament for the benefit of his children,

which therefore passed at his death. Because his wife predeceased him, by law the

stock options passed either to her estate or to the trust established by his last will and

testament.

What the Commissioner claims are distributions, allowing him to pursue the

Executor and beneficiaries under the FPS and § 6324(a)(2) stem from transactions

that took place outside of the estate and at death, not in 2007. This is the material

fact that the Commissioner relied on in making his conclusion at the administrative

level that these amounts should be included in the Estate's RCP. Unfortunately, there

is nothing in the record indicating what investigation the Commissioner did into the

2007 "distributions," but the record supports the conclusion that these were non-

probate assets transferred at death by operation of law and therefore would not

invoke the FPS.

Contrary to the Commissioner's conclusions, the decedent's estate tax return

supports the contention that these assets were transferred by operation of law.

(A289-A303). Attached to the estate tax return was a letter from the decedent's

employer explaining that any unvested stock options would continue to vest

automatically pursuant to the original vesting schedule. (A323). Further

correspondence from decedent's employer stated that decedent's surviving spouse

had been designated as his beneficiary of certain stock options. (A333). The record

supports the conclusion that the stock options passed at death either to the decedent's

wife's estate or the trust created by his will. Any subsequent distributions resulting

from exercising the stock options would have taken place outside of the decedent's

estate. Because of this, the FPS would not apply. It should have been relevant to the

Commissioner's decision making that the operative documents, i.e., the decedent's

will, did not match with their conclusions. At a minimum, there are material facts in

dispute and the Tax Court erred by adjudicating this case summarily and not

conducting fact finding at trial.

Furthermore, this failure by the Commissioner to conduct **any** fact finding

regarding the distributions that allegedly invoke the FPS violates the

Commissioner's verification duty under § 6330. *Wadleigh v. Comm'r*, 134 T.C. 280,

294 (2010) ("Section 6330(c)(1) requires the hearing officer to obtain verification

from the Secretary that the requirements of applicable law and administrative

procedure have been met.") The determination is merely a declaration that there were

dissipated assets. *See* (A37-A38) and (A576-A577) ("You have documented

dissipated assets which equate to the distributions made to the taxpayer's

beneficiaries."). Under the Tax Court's precedent, an IRS Settlement Officer is

legally required to **verify that all law and administrative procedure has been**

**followed**, whether or not the taxpayer raises it or not. *Hoyle v. Comm'r*, 131 T.C.

197, 201 (2008) ("[T]he Appeals officer must consider compliance with applicable law in the determination regardless of whether it is raised by the person challenging the collection action at the Appeals hearing.") That fact finding is also necessary to allow the Tax Court to properly review the determination because that court must review "on the grounds [the IRS] actually relied on in making its determination." *Whistleblower 769-16W v. Comm'r*, 152 T.C. 172, 178 (2019) (citing *SEC v. Chenery Corp.*, 318 U.S. 80 (1943) ("*Chenery I*"), and *Chenery II*, 332 U.S. at 196).

Because the Commissioner did not establish that there was a distribution from the Estate that fell within the purview of the FPS, he erred when he determined that the statute of limitations was still open. Therefore, he erred when including an such amounts within the computation of RCP. The FPS imposes liability on a debtor's representative only when the representative "pay[s] any part of a debt of the person or estate before paying a claim of the Government." 31 U.S.C. § 3713(b). Implicit in the FPS is that there must be an event that provokes a right of action in favor of the government. Here, there is no evidence that such an event ever took place. As a result, the Appeals Office RCP determination was arbitrary and capricious, and the Tax Court should have denied summary judgment and remanded the matter to the Appeals Office with an instruction that the OIC be accepted.

## II. The Executor relied on the advice of a professional to make the distributions at issue.

The Estate argued below that it had a defense based on the reliance on the Estate's attorney, which should preclude liability under the FPS. The Commissioner did not address this issue in its determination, and the Tax Court relegated its analysis of this issue to a footnote. *Kwang Lee IV*, Slip Op. at 13 n. 6.

At the very least, the inquiry into the reliance on a professional's advice is fact intensive, and based on the record below, there are material issues of fact in dispute that preclude summary judgment.

At the outset, the reliance issue was decided in *Kwang Lee II*, so any argument that the there was no reasonable reliance should be precluded by the law-of-the-case doctrine. *See Anderson v. Comm'r*, 698 F.3d 160, 166-67 (3d Cir. 2012). "Under that doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Id.* (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). In *Kwang Lee II*, the Tax Court held that the Estate was not liable for the accuracy or failure to file penalties because the Executor reasonably relied on the Estate's attorney's incorrect advice. *Kwang Lee II*, T.C. Memo. 2009-84, Slip Op. at 13-16. That holding should have guided the Tax Court's decision regarding the Executor's actions, specifically whether the distributions in dispute triggered liability under the FPS.

Even if the law-of-the-case doctrine does not control, a taxpayer advancing a reliance-on-professional-advice defense must also show that it actually relied in good faith on the advice received. *See Neonatology Assocs., P.A. v. Comm'r*, 115 T.C. 43, 98-99 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002). This determination "'is inherently fact-intensive.'" *Alli v Comm'r*, T.C. Memo. 2014-15 at *21 (quoting *Crimi v. Comm'r*, T.C. Memo. 2013-51 at *99-*102). Whether a taxpayer acted with reasonable cause and in good faith is determined in each case by taking into account all relevant facts and circumstances. Reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith, but it can in certain situations. *Freytag v. Commissioner,* 89 T.C. 849, 888 (1987), *aff'd,* 904 F.2d 1011 (5th Cir. 1990), *aff'd,* 501 U.S. 868 (1991); Treas. Reg. § 1.6664–4(b)(1). In determining whether a taxpayer reasonably relied in good faith on the advice of a professional tax adviser, the taxpayer's education, sophistication, and business experience will be taken into consideration. Treas. Reg. § 1.6664–4(c)(1). Further, for reliance on a professional tax adviser to excuse the taxpayer from the § 6662 penalty, the taxpayer must prove: (1) the adviser was a competent professional with sufficient expertise to justify reliance; (2) the taxpayer provided the adviser necessary and accurate information; and (3) the taxpayer actually relied in good faith on the adviser's judgment. *See Neonatology Assocs., P.A.,* 115 T.C. at 98–99. None

22

of this fact finding was conducted by the Tax Court, which preferred to adopt a strict liability standard.

Along the same line, there is Tax Court precedent that holds that reliance on counsel is a defense to liability under the FPS. The standard by which the Tax Court evaluates liability under the FPS is a subjective standard. Whether the fiduciary had notice is determined by whether the executor knew or was chargeable with knowledge of the debt. "The knowledge requirement of 31 U.S.C. § 192 [now 31 U.S.C. § 3713] may be satisfied by either actual knowledge of the liability or notice of such facts as would put a reasonably prudent person on inquiry as to the existence of the unpaid claim of the United States." *Leigh v. Comm'r,* 72 T.C. 1105, 1110 (1979) (citing *Irving Trust Co. v. Commissioner,* 36 B.T.A. 146 (1937); *Livingston v. Becker,* 40 F .2d 673 (E.D. Mo. 1929)).

To be chargeable with knowledge of such a debt, the executor must be in possession of such facts as to "put him on inquiry." *New,* 48 T.C. at 676. "It is this knowing disregard of the debts due to the United States that imposes liability on the fiduciary". *Leigh,* 72 T.C. at 1109–10 (citing *United States v. Crocker,* 313 F.2d 946 (9th Cir. 1963)). By its own precedent, the Tax Court acknowledges that the issue is an issue of facts and circumstances. Courts interpreting the reliance issue as it relates to the FPS have said that validity of the reliance turns on "the quality and objectivity of the professional advice which they obtained." *Klamath Strategic Investment Fund*

*ex rel. St. Croix Ventures v. United States,* 568 F.3d 537, 548 (5th Cir. 2009) (internal quotation marks omitted). Unfortunately, the Tax Court's summary ruling prevented any appropriate development of the factual record regarding the reliance defense.

Any evaluation of a claim of reliance on a professional is inherently a factual determination that should have been developed by the trier of fact. A determination regarding an inherently fact sensitive issue such as reliance on a professional's legal advice was not appropriate for summary judgment. To adopt the Tax Court's standard of proof creates a strict liability for the FPS. This contradicts the Tax Court's precedence.

**III. Whether the Commissioner erred in including the assets in the calculation of the Estate's RCP under Rev. Proc. 2003-71 when the transfer was made more the three years before the OIC and there was no finding that the Commissioner could actually collect from the third parties.**

In evaluating an OIC, the Commissioner assesses the OIC against the taxpayer's RCP, which is defined as "the amount the Service could collect through other means, including administrative and judicial collection remedies." Rev. Proc. 2003-71 § 4.02(2).

When dissipated assets are at issue, they will be included in the RCP "where it can be shown the taxpayer has sold, transferred, encumbered or otherwise disposed of assets in an attempt to avoid the payment of the tax liability." I.R.M., pt. 5.8.5.18(1) (Sep. 24, 2021). Generally, the Commissioner looks to the ***three years***

before the OIC to find potential dissipated assets that should be included in RCP. I.R.M., pt. 5.8.5.18(2) (Sep. 24, 2021). Additionally, the taxpayer should be given the opportunity to explain the dissipation of the asset. I.R.M., pt. 5.8.5.18(8) (Sep. 24, 2021).

In reviewing the Commissioner's determination, the Tax Court applies an abuse of discretion standard. *Goza v. Comm'r*, 114 T.C. 176, 182 (2000). An error of law, such as failing to follow administrative procedures, is inherently arbitrary and capricious. *Antioco v. Comm'r*, T.C. Memo. 2013-35 at *5. There were numerous such errors here.

As discussed, the purported dissipations did not violate the FPS and were done in reasonable reliance on the advice of a professional, so the Executor should have no liability. To the extent he does, that liability should not be included in the RCP under the procedures promulgated by the Commissioner. Here the purported dissipation occurred nearly 10 years before the OIC was presented to the Commissioner.[6] As such, it should not have been included in the RCP.

Furthermore, the Commissioner did not evaluate (or quantify) whether he could actually collect the amounts due from the Executor or the beneficiaries.

---

[6] To the extent the Commissioner argues that the dissipation occurred within six months of the assessment and should be included in the RCP under I.R.M., pt. 5.8.5.18(2) (Sep. 24, 2021), as discussed, the Executor, relying on the advice of counsel, reasonably believed that the refund from the wife's estate combined with the remaining estate assets would be enough to pay any tax liability.

Without such an evaluation, there is no way to evaluate whether those amounts could be "collect[ed] through other means, including administrative and judicial collection remedies." Rev. Proc. 2003-71 § 4.02(2).

The Tax Court's review of the Commissioner's determination, including the RCP, is limited to the findings actually made in the determination. *Chenery II*, 332 U.S. at 196. The lack of necessary factual findings requires a remand to Appeals to articulate the facts underlying the determination to give the Tax Court an appropriate record to review. *See Budish v. Comm'r*, T.C. Memo. 2014-239 at *10. In any event, the lack of an appropriate factual record precludes summary judgment.

## CONCLUSION

The Tax Court's entry of summary judgment in favor of the Commissioner was inappropriate. The Executor made no distributions that would trigger liability under 31 U.S.C. § 3173 or § 6324(a). To the extent that he did make any such distributions, he did so in reasonable reliance on professional advice, which would also preclude liability. Moreover, the Commissioner did not follow his own procedures for evaluating this OIC, and as such, his rejection was arbitrary and capricious and should not be sustained. This Court should reverse the Tax Court and remand with instructions to order the Commissioner to accept the OIC or to remand to Appeals to properly evaluate the Commissioner's decision to reject the OIC.

Date: January 18, 2022

s/ Frank Agostino
Frank Agostino
New Jersey Bar No.: 005921987
Attorney for Petitioners-Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 107

s/ Andrew D. Lendrum
Andrew D. Lendrum
New Jersey Bar No.: 039692009
Attorney for Petitioners-Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 116

**Certificate of Compliance With Fed. R. App. P. 32(a) and 3d Cir. R. 31.1(c)**

It is hereby certified that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains XX,XXX words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii);

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using the Microsoft Word word processing program in 14-point font size and Times New Roman style;

3. A virus detection program, AVG, has been run on the electronic version of the Opening Brief for Petitioners-Appellants, as well as the related appendices, and no virus was detected; and

4. The text of the electronic version of the Opening Brief for Petitioners-Appellants, as well as the related appendices, are identical to the paper copies.

Date: January 18, 2022

<div style="margin-left:40%">

s/ Andrew D. Lendrum
Andrew D. Lendrum
New Jersey Bar No.: 039692009
Attorney for Petitioners-Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 116

</div>

## Certificate of Compliance With 3d Cir. R. 28.3(d)

In accordance with 3d Cir. R. 28.3(d), it is hereby certified that counsel for

Petitioners-Appellants, Frank Agostino and Andrew D. Lendrum, are both

members of the bar of the United States Court of Appeals for the Third Circuit.

Date: January 18, 2022

s/ Frank Agostino
Frank Agostino
New Jersey Bar No.: 005921987
Attorney for Petitioners-Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 107

s/ Andrew D. Lendrum
Andrew D. Lendrum
New Jersey Bar No.: 039692009
Attorney for Petitioners-Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 116

## Certificate of Service

It is hereby certified that on January 18, 2022, I electronically filed the foregoing Opening Brief for Petitioners-Appellants, as well as the attached Appendix for Petitioners-Appellants, Volume I, with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system. Counsel for the Appellee is a registered CM/ECF user and will be served by the CM/ECF system.

It is further hereby certified that, no later than five days after electronic filing of the same, I will mail to the Clerk of the Court of the United States Court of Appeals for the Third Circuit seven paper copies of the foregoing Opening Brief for Petitioners-Appellants, as well as the attached Appendix for Petitioners-Appellants, Volume I.

Date: January 18, 2022

s/ Andrew D. Lendrum
Andrew D. Lendrum
New Jersey Bar No.: 039692009
Attorney for Petitioners-Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 116

# No. 21-2921

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

ESTATE OF KWANG LEE, DECEASED,
ANTHONY J. FRESE, EXECUTOR,

*PETITIONERS-APPELLANTS*,

v.

COMMISSIONER OF INTERNAL REVENUE,

*RESPONDENT-APPELLEE*.

On Appeal From
the United States Tax Court
(Tax Court Docket No. 20531-18L)
Honorable Travis A. Greaves, United States Tax Court Judge

## APPENDIX FOR PETITIONERS-APPELLANTS
### Volume 1, pp. A1-A20

Agostino & Associates, P.C.
Counsel for Appellants
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400

Of Counsel:
Frank Agostino
Andrew D. Lendrum

# **TABLE OF CONTENTS**

## **Volume 1**

Document                                                                      Page

Petitioners'-Appellants' Notice of Appeal ................................................................. A1

United States Tax Court Decision,
    Hon. Travis A. Greaves ................................................................................. A3

United States Tax Court Memorandum Opinion,
    Hon. Travis A. Greaves ................................................................................. A4

Certificate of Service

## **Volume 2**

Document                                                                      Page

United States Tax Court Docket Sheet ................................................................. A21

Petitioners'-Appellants' Petition ........................................................................ A26

Respondent's-Appellee's Answer ........................................................................ A41

Respondent's-Appellee's Motion for Summary Judgment .................................. A47

Certificate of Service

## **Volume 3**

Document                                                                      Page

Declaration of Mario Tevis in Support of Respondent's-Appellee's Motion
for Summary Judgment ........................................................................................ A71

Certificate of Service

## **Volume 4**

Document                                                                          Page

Petitioners'-Appellants' Objection to Motion for Summary Judgment............. A610

Declaration of Frank Agostino, Esq. in Support of Objection to Motion for
   Summary Judgment.................................................................................. A664

Certificate of Service



**Received**
10/07/21 03:57 pm

**Filed**
10/07/21

Estate of Kwang Lee, Deceased, Anthony J. Frese,
Executor,

      Petitioners

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed
Docket No. 20531-18L

Notice of Appeal

**UNITED STATES TAX COURT**

ESTATE OF KWANG LEE, DECEASED )
ANTHONY J. FRESE, )
            )
            Petitioner, )
            )
            v. )    Docket No.    20531-18L
            )
COMMISSIONER OF INTERNAL REVENUE, )
            )
            Respondent. )

## NOTICE OF APPEAL

Notice is hereby given that the Estate of Kwang Lee, Anthony J. Frese, executor, hereby appeals to the United States Court of Appeals for the Third Circuit from all parts of the decision this Court entered in the above-captioned proceeding on July 22, 2021, granting Respondent's motion for summary judgment.

Dated: October 7, 2021

                     Respectfully submitted,

                     Frank Agostino
                     Agostino & Associates, P.C.
                     Counsel for Petitioner
                     Tax Court Bar No. FA0015
                     14 Washington Place
                     Hackensack, NJ 07601
                     Telephone: (201) 488-5400
                     FAgostino@agostinolaw.com



# United States Tax Court
Washington, DC 20217

| | | |
|---|---|---|
| Estate of Kwang Lee, Deceased, | ) | |
| Anthony J. Frese, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | Docket No.  20531-18L. |
| v. | ) | |
| | ) | |
| Commissioner of Internal Revenue, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

## ORDER AND DECISION

Pursuant to the determination of the Court as set forth in the Court's Memorandum Opinion, T.C. Memo. 2021-92, filed July 20, 2021, it is

ORDERED that respondent's motion for summary judgment, filed September 9, 2020, is granted.  It is further

ORDERED AND DECIDED that respondent may proceed with the collection action as determined in the notice of determination.

**(Signed) Travis A. Greaves**
**Judge**

**Entered and Served 07/22/21**

A3

T.C. Memo. 2021-92

UNITED STATES TAX COURT

ESTATE OF KWANG LEE, DECEASED,
ANTHONY J. FRESE, EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20531-18L.                    Filed July 20, 2021.

<u>Frank Agostino</u> and <u>Andrew D. Lendrum</u>, for petitioner.

<u>Marco Franco</u> and <u>Rachel L. Schiffman</u>, for respondent.

MEMORANDUM OPINION

GREAVES, <u>Judge</u>:  In this collection due process (CDP) case the Estate of

Kwang Lee, Deceased (estate), seeks review pursuant to section 6320(c)[1]

---

[1]Unless otherwise noted, all section references are to the Internal Revenue
Code (Code) in effect at all relevant times, all Rule references are to the Tax Court
Rules of Practice and Procedure, and all dollar amounts are rounded to the nearest
dollar.

- 2 -

**[\*2]** (incorporating section 6330(d)) of the determination by the Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of Federal tax lien. The IRS initiated the collection action with respect to the estate's Federal estate tax liability. Respondent has moved for summary judgment under Rule 121 (motion), contending that there are no disputed issues of material fact and that the determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

<div align="center">Background</div>

The following facts are based on the parties' pleadings and motion papers, including attached declarations and exhibits, unless otherwise stated, and are not disputed. Anthony J. Frese, acting in his capacity as executor of the estate, had a mailing address in Hackensack, New Jersey, when he filed the petition.

Kwang Lee died testate on September 30, 2001, and Mr. Frese, a licensed attorney and municipal court judge, was named executor of the estate. Mr. Frese filed a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, on behalf of the estate on or around May 21, 2003. From July 2003 to February 2007, Mr. Frese made distributions to estate beneficiaries totaling $1,045,000 (distributed amounts), of which $640,000 was distributed on February 28, 2007 (February 2007 distribution).

- 3 -

**[\*3]**   The IRS selected the estate's return for examination and determined a

$1,020,129 deficiency in estate tax, plus a $255,032 section 6651(a)(1) addition to

tax for untimely filing and a $204,026 section 6662(a) accuracy-related penalty.

The IRS mailed a notice of deficiency to Mr. Frese, as executor of the estate, on

April 26, 2006.  Mr. Frese timely filed a petition for redetermination of the

deficiency with this Court.  Estate of Lee v. Commissioner, T.C. docket No.

14511-06 (filed July 27, 2006).  The Court entered a decision on March 24, 2010

(2010 decision), finding a $536,151 deficiency in estate tax due from the estate

with no addition to tax or penalty.  Id.  Respondent assessed the unpaid tax against

the estate on July 19, 2010.[2]

On April 16, 2013, respondent sent the estate a Notice of Federal Tax Lien

Filing and Your Right to a Hearing Under IRC 6320.  In response, the estate

timely submitted Form 12153, Request for a Collection Due Process or Equivalent

---

[2]The unpaid tax with interest totaled $484,948 as of September 14, 2020.  In objecting to the motion, the estate stated that this amount should be reduced by certain interest and fees that the estate intends to submit to respondent in the future and which the estate argues should have been considered by respondent in the evaluation of its offer-in-compromise.  The estate did not specifically raise this argument in the petition; therefore, we do not consider it in deciding this case.  See Rule 331(b)(4); McLaine v. Commissioner, 138 T.C. 228, 244 (2012).

- 4 -

[*4] Hearing, with the IRS Office of Appeals (Appeals Office).[3]  In its request, the

estate checked the collection alternative boxes "Installment Agreement" and

"Offer in Compromise" (OIC).

At the estate's request, the Appeals Office held the CDP case in suspense

until 2016.[4]  In December 2016, the estate submitted Form 433-A, Collection

Information Statement for Wage Earners and Self-Employed Individuals, which

showed that the estate's only asset was a checking account with a balance of

$182,941.  The estate also submitted an OIC in the same amount to the Appeals

Office settlement officer (SO) assigned to the estate's CDP case.  In reviewing the

estate's OIC and upon the advice of respondent's Collection Division and Office

of Chief Counsel, the SO determined that:  (1) the IRS could potentially collect the

distributed amounts from Mr. Frese using a fiduciary liability theory under 31

U.S.C. sec. 3713 and from the beneficiaries as transferees under section

6324(a)(2); (2) the period of limitations to collect from both Mr. Frese and the

beneficiaries remained open; and (3) these potentially collectible amounts had to

---

[3]This office is now referred to as the "Independent Office of Appeals".
Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019).

[4]The parties agreed to put the CDP case in suspense to allow the estate and
the U.S. Department of Justice time to explore a global settlement (which included
a refund claim filed by the estate of decedent's spouse) and the estate to file an
appeal of the 2010 decision with the U.S. Court of Appeals for the Third Circuit.

- 5 -

[**\*5**] be included in the estate's reasonable collection potential (RCP) calculation

for purposes of reviewing the estate's OIC per Internal Revenue Manual pt.

5.8.4.3.1 (Apr. 30, 2015).  Including the distributed amounts in the RCP formula

yielded a collection potential that exceeded the estate's unpaid estate tax liability.

Consequently, the SO rejected the estate's OIC and sustained the filing of the

notice of Federal tax lien.  As part of the summary report attached to the notice of

determination, the SO noted that he had "verified the requirements of any

applicable law or administrative procedure were met" and confirmed through IRS

records that all required notices were properly issued to the estate.

The estate timely filed a petition with this Court challenging the SO's

determination.  Specifically, the estate argues that:  (1) the SO's rejection of the

OIC constituted an abuse of discretion in that the SO erred in computing the

estate's RCP by improperly including the distributed amounts in this calculation

and (2) the SO failed to verify that all applicable laws and regulations were

followed before issuing the notice of determination.

- 6 -

**[\*6]**                                         <u>Discussion</u>

I.    <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid costly,

unnecessary, and time-consuming trials.  <u>See</u> <u>FPL Grp., Inc. & Subs. v.</u>

<u>Commissioner</u>, 116 T.C. 73, 74 (2001).  We may grant summary judgment where

there is no genuine dispute of material fact and a decision may be rendered as a

matter of law.  Rule 121(b); <u>Elec. Arts, Inc. v. Commissioner</u>, 118 T.C. 226, 238

(2002).  Furthermore, we construe the facts and draw all inferences in the light

most favorable to the nonmoving party to decide whether summary judgment is

appropriate.  <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993).  The nonmoving

party may not rest upon the mere allegations or denials of his pleading, but must

set forth specific facts showing that there is a genuine dispute for trial.  Rule

121(d); <u>Bond v. Commissioner</u>, 100 T.C. at 36.

II.   <u>Standard of Review</u>

Section 6320(b) permits a taxpayer to challenge an IRS lien before the

Appeals Office, and section 6320(c) (incorporating section 6330(d)) provides for

Tax Court review of an Appeals Office determination.  The Code does not

prescribe the standard of review that this Court should apply in reviewing an IRS

administrative determination in a CDP case; rather, we are guided by our

- 7 -

[*7] precedents.  Where (as here) the taxpayer's underlying liability is not in dispute, we review the IRS decision for abuse of discretion.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." Schwartz v. Commissioner, 348 F. App'x 806, 808 (3d Cir. 2009) (quoting Murphy v. Commissioner, 125 T.C. at 320), aff'g T.C. Memo. 2008-117.  In this regard the SO is "owed considerable deference" when considering the adequacy of a taxpayer's proposed OIC.  Id. (citing Murphy v. Commissioner, 469 F.3d at 32). Thus, if the SO followed all statutory and administrative guidelines and provided a reasoned, balanced decision, the Court will not reweigh the equities.  Thompson v. Commissioner, 140 T.C. 173, 179 (2013).

In deciding whether the SO abused his discretion in sustaining the collection action, we consider whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues the estate raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [the estate] that any collection action be no more intrusive than necessary."  Sec. 6320(c) (incorporating section 6330(c)).

- 8 -

[*8] Here, the estate challenges (1) whether the estate tax liability is collectible, an issue raised during the CDP hearing, and (2) whether the SO properly verified that all applicable laws and regulations were followed before issuing the notice of determination.

III.   Offer-in-Compromise

A.   Reasonable Collection Potential

Section 7122(a) authorizes the IRS to compromise an outstanding tax liability, and the regulations set forth three grounds for such a compromise: (1) doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration.  Sec. 301.7122-1(b), Proced. & Admin. Regs.  The estate proposed to compromise its estate tax liability based on doubt as to collectibility. The Secretary may compromise a tax liability based on doubt as to collectibility where the taxpayer's assets and income render full collection unlikely.  Id. subpara. (2).  Conversely the IRS may reject an OIC where the taxpayer's RCP is greater than the amount he proposes to pay.  See Johnson v. Commissioner, 136 T.C. 475, 486 (2011), aff'd, 502 F. App'x 1 (D.C. Cir. 2013); Murphy v. Commissioner, 125 T.C. at 309.  An SO is generally directed to reject offers substantially below the taxpayer's RCP where the offer is premised, as it was here,

- 9 -

**[\*9]** on doubt as to collectibility. <u>See</u> Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517.

The parties agree that the estate holds approximately $183,000 in a checking account that must be included in its RCP calculation. The parties dispute whether the RCP formula should also include amounts potentially collectible from third parties, i.e., Mr. Frese and the beneficiaries, by reason of distributions from the estate that exceed the outstanding estate tax liability. Accordingly, we consider whether the SO abused his discretion by including the distributed amounts in the RCP formula.

B.    <u>Executor Liability</u>

1.    <u>Federal Priority Statute</u>

The executor of an estate must pay the estate tax. Sec. 2002. The executor may be held personally liable under 31 U.S.C. sec. 3713, often referred to as the Federal Priority Statute (FPS), if the executor pays a debt of the estate before satisfying and paying a claim owed to the United States. 31 U.S.C. sec. 3713(b); sec. 20.2002-1, Estate Tax Regs. (defining a "debt" as including a beneficiary's distributive share of an estate). The term "claim" for purposes of the FPS means "any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States by a person,

- 10 -

[*10] organization, or entity other than another Federal agency", 31 U.S.C. sec.

3701(b)(1), and includes an estate's Federal tax liability, Bank of West v.

Commissioner, 93 T.C. 462, 467 (1989); see also United States v. Moore, 423 U.S.

77, 84-85 (1975) (holding that phrases used in the FPS should be liberally

interpreted). An executor is personally liable for the unpaid claims of the United

States to the extent the executor makes a distribution of assets from the estate

when either the estate was insolvent at the time of the distribution or the

distribution rendered the estate insolvent and the executor had knowledge or

notice of the Government's claim. 31 U.S.C. sec. 3713(b); Leigh v.

Commissioner, 72 T.C. 1105, 1109 (1979); sec. 20.2002-1, Estate Tax Regs.

There is no genuine dispute that Mr. Frese, as executor of the estate,

distributed estate assets that rendered the estate unable to satisfy respondent's

deficiency claim. Specifically, before the $640,000 February 2007 distribution the

estate had sufficient assets to satisfy respondent's approximately $536,100 estate

tax deficiency claim, but following that distribution it retained assets of only

approximately $183,000.[5] The estate disputes whether Mr. Frese had the requisite

notice of respondent's claim.

---

[5]The amount of the February 2007 distribution exceeded the estate's unpaid estate tax liability; therefore we do not need to address the other distributions by Mr. Frese.

- 11 -

[*11] An executor must have had actual or constructive knowledge of the

Government's claim when the estate had sufficient assets to pay it, or notice of

such facts as would put a reasonably prudent person on inquiry as to the existence

of the Government's unpaid claim. Leigh v. Commissioner, 72 T.C. at 1109-1110;

New v. Commissioner, 48 T.C. 671, 676-678 (1967); Irving Trust Co. v.

Commissioner, 36 B.T.A. 146, 148 (1937). A notice of deficiency with respect to

estate tax liabilities given to an executor before the executor's distribution of

estate assets is sufficient to satisfy this notice requirement. See Viles v.

Commissioner, 233 F.2d 376, 380 (6th Cir. 1956), aff'g T.C. Memo. 1955-142;

Irving Trust Co. v. Commissioner, 36 B.T.A. at 148; see also Estate of Frost v.

Commissioner, T.C. Memo. 1993-94, 1993 WL 75053, at *15 (holding that an

executor's receipt of a letter from the estate's law firm indicating that the estate

might owe additional taxes combined with the Commissioner's commencement of

an examination of the estate's tax liabilities was sufficient to have put the executor

on inquiry for purposes of the FPS before making a distribution of the estate's

assets).

Respondent's notice of deficiency, issued to Mr. Frese before he made the

February 2007 distribution, was sufficient to create a claim under the FPS. See

Viles v. Commissioner, 233 F.2d at 379-380; Irving Trust Co. v. Commissioner,

- 12 -

[**12**] 36 B.T.A. at 148; <u>Estate of Frost v. Commissioner</u>, 1993 WL 75053, at *15.

Furthermore, the record establishes that Mr. Frese had actual knowledge of the

unpaid claim at the time of the February 2007 distribution. Respondent mailed the

notice of deficiency to Mr. Frese in April 2006, and Mr. Frese was a named party

in the petition filed with this Court disputing that deficiency claim in July 2006.

<u>Estate of Lee v. Commissioner</u>, T.C. docket No. 14511-06. The estate suggests

that Mr. Frese made the February 2007 distribution at least in part upon the advice

of the estate's tax adviser and that such reliance absolves him of liability. In

support of this argument the estate relies upon <u>Little v. Commissioner</u>, 113 T.C.

474 (1999), where we found that an executor did not have the requisite knowledge

for purposes of the FPS because the executor, who did not have a college degree,

was unaware of any potential or pending Government claims against the estate and

reasonably relied in good faith upon multiple erroneous reassurances from counsel

that the estate had no Federal tax liabilities.

The present situation is materially distinguishable from <u>Little</u>. The estate

offered no evidence to show that Mr. Frese relied upon the advice of the estate's

tax adviser as it pertained to his decision to make distributions from the estate,

- 13 -

[*13] including the February 2007 distribution.[6]  Additionally, unlike the

unsophisticated executor in <u>Little</u> who had no actual or constructive knowledge of

the estate's tax liabilities at the time of the distributions, Mr. Frese, a licensed

attorney and judge, made the February 2007 distribution with direct knowledge

that respondent had determined an estate tax deficiency against the estate

(respondent mailed him the notice of deficiency in April 2006) and that an action

concerning that deficiency claim was pending before this Court.  Under these

circumstances, Mr. Frese made the February 2007 distribution at his own peril,

and any advice he may have received in this regard cannot absolve him from

liability.  See <u>King v. United States</u>, 379 U.S. 329, 339-340 (1964); <u>New v.</u>

<u>Commissioner</u>, 48 T.C. at 676-677; <u>Irving Trust Co. v. Commissioner</u>, 36 B.T.A.

at 148.  Thus, Mr. Frese may be held personally liable under the FPS for the

estate's unpaid estate tax that remains due following the February 2007

distribution.

---

[6]The estate points out that we found the estate not liable for an addition to tax for untimely filing in <u>Estate of Lee v. Commissioner</u>, T.C. Memo. 2009-84, because Mr. Frese reasonably relied upon the estate's attorney in filing the estate's tax return.  That case neither concerned nor considered advice given by the estate's attorney (or any other adviser) as it related to Mr. Frese's distributions of estate assets.

- 14 -

[*14]      2.      Section 6901 and Period of Limitations

The estate maintains that even if Mr. Frese could be liable for the unpaid

estate tax under the FPS, the period of limitations on collection expired in 2013.

The estate argues that pursuant to 28 U.S.C. sec. 2415(a) the applicable period of

limitations in this case is six years from the February 2007 distribution.  Thus,

according to the estate, the SO's determination constituted an abuse of discretion

because respondent had no basis to include the distributed amounts as part of the

estate's RCP calculation given that the IRS' potential collection period against Mr.

Frese had expired.

The estate misconstrues 28 U.S.C. sec. 2415 and overlooks the remedies

available under the Code for respondent to potentially collect against Mr. Frese.

Title 28 U.S.C. sec. 2415(a) provides in relevant part that actions brought by the

Government "founded upon any contract express or implied in law or fact" must

be filed within six years after the right of action accrues; however, this is only a

general rule that contains within it the sweeping caveat "except as otherwise

provided by Congress".[7]  The statute further provides the following critical

exception:  "Nothing in this Act shall apply to actions brought under the Internal

---

[7]We express no opinion as to whether a claim under the FPS is a "contract"
for purposes of 28 U.S.C. sec. 2415(a), as we find the statute expressly removes
actions brought under the Code as discussed infra.

- 15 -

[*15] Revenue Code or incidental to the collection of taxes imposed by the United States." 28 U.S.C. sec. 2415(h).

Section 6901(a) provides that a fiduciary's liability for payment of an estate tax under the FPS is to be "assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred". See also sec. 7701(a)(6) (defining "fiduciary" as including an executor acting in a fiduciary capacity). Furthermore, the period of limitations for assessment against a fiduciary under the FPS is "not later than 1 year after the liability arises or not later than the expiration of the period for collection of the tax in respect of which such liability arises, whichever is the later." Sec. 6901(c)(3); sec. 301.6901-1(c)(4), Proced. & Admin. Regs. Section 6502(a)(1) in turn provides a 10-year period of limitations for the collection of estate taxes.

Respondent assessed the outstanding estate tax deficiency against the estate in July 2010, thereby starting at least a 10-year window for respondent to also pursue collection against Mr. Frese through section 6901 with respect to his FPS liability. This period was not only open when the SO determined the estate's RCP calculation in 2018 but has been suspended following the estate's request for a CDP hearing with the Appeals Office on May 17, 2013 (and the estate's appeal of

- 16 -

**[\*16]** that determination with this Court). <u>See</u> sec. 6320(c) (incorporating section

6330(e)); <u>see also</u> sec. 6901(f).

On the basis of the foregoing, we conclude that the SO properly considered

the potential collectibility from Mr. Frese to determine the estate's RCP

calculation.[8]  Because it was proper for the RCP calculation to include Mr. Frese's

potential liability under the FPS by reason of the February 2007 distribution,

which exceeds the outstanding estate tax liability, we find it unnecessary to also

address the liability of, and potential collection against, the beneficiaries for

purposes of the estate's RCP computation.

IV.    <u>Verification</u>

The estate alleges that the SO failed to properly verify that all applicable

laws and regulations were followed before issuing the notice of determination.

The SO's report explicitly states that the SO confirmed that all applicable laws and

procedures were followed in the estate's case.  The estate argues that the SO was

required to independently investigate the amounts, if any, actually collectible from

third parties, including an "evaluation of the hazards of litigation" and an analysis

of the current financial status of such persons.  The estate cites no rule mandating

---

[8]The fact that respondent has not assessed or pursued collection against Mr.
Frese to date has no bearing on this finding.

- 17 -

**[\*17]** or suggesting that the SO should have taken such exhaustive action as it related to Mr. Frese's potential collection amount.  Although the estate may disagree with this policy, we do not find it or the SO's actions in this case arbitrary or capricious under the circumstances, especially where the record shows that the SO acted diligently in considering the estate's concerns by consulting with respondent's Collection Division and Office of Chief Counsel in reaching his conclusion.

In summary we do not find the SO's decision to reject the estate's OIC and sustain respondent's lien action to have been undertaken in an arbitrary manner or made without a sound basis in fact or law.  We will accordingly grant summary judgment in respondent's favor.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered.</u>

## CERTIFICATE OF SERVICE

It is hereby certified that on January 18, 2022, I electronically filed the foregoing Appendix for Petitioners-Appellants, Volume 1, with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system. Counsel for the Appellee is a registered CM/ECF user and will be served by the CM/ECF system. It is further hereby certified that, no later than five days after electronic filing of the same, I will mail to the Clerk of the Court of the United States Court of Appeals for the Third Circuit seven paper copies of the foregoing Appendix for Petitioners-Appellants, Volume 1.

Date:   January 18, 2022

s/ Andrew D. Lendrum
Andrew D. Lendrum
Attorney for Appellants
Agostino & Associates, P.C.
14 Washington Place
Hackensack, New Jersey 07601
Tel: (201) 488-5400, x. 116